## HEARD vs. BRAWNER.

The decision pronounced in the case of Burch, ex'r., vs. Burch *et al.*, 23d Geo. Reports, 536, reviewed and reaffirmed, viz : that under the terms and provisions of the will of W. C. B., (*vide* Reporter's statement below,) only the children of Elizabeth Upshaw, living, *at the death of the tenant for life*, were entitled to the legacy bequeathed to to the "*children of Elizabeth Upshaw.*"

BENNING, J., dissenting.

In equity, in Elbert Superior Court. Tried before Judge THOMAS, March Term, 1859. .

This was a bill of interpleader, filed by John C. Burch, executor of Elizabeth Burch, deceased, against Thomas J. Heard, administrator of Middleton C. Upshaw, deceased, Jeptha Harris and wife, John Upshaw, Joseph Brawner and wife, Seaborn J. Brawner and wife, Thomas B.

Clark and wife, and Charles Hardeman. The object of the bill was to have the aid and direction of the Court in the execution of certain clauses of the last will and testament of William S. Burch, deceased.

For a copy of the will, see 23d Geo. Rep'ts, 536.

The bill alleges that William S. Burch, the testator, died in January, 1822, leaving a considerable estate ; that said will was duly admitted to probate at the January term, 1822, of the Court of Ordinary of Elbert county ; that Elizabeth Burch, the widow of testator, and executrix of said will, departed this life on the first day of July, 1855, leaving in full force her last will and testament, of which complainant was appointed executor, who accepted said trust, and thereby became the executor of the will of William S. Burch, deceased ; that complainant has executed the will of said William S. Burch, as far as practicable, but he has been delayed by litigation growing out of the construction of said will ; that on the first of February, 1858, there was in complainant's hands, for distribution, the sum of $68,077.05, one-tenth of which amount, to-wit, the sum of $5,673.08¾, belongs to the children of *Rebecca Upshaw*, under the terms and provisions of said will.

The will was executed on the 15th day of May, 1817. Testator died in January, 1822. At the date of the will, and at the death of testator, Rebecca Upshaw had two children, Middleton C. Upshaw and Elizabeth Upshaw. She has had no other children since, and from her extreme age, it is not possible, in the ordinary course of nature, that she should have any more.

Middleton C. Upshaw died in the year 1837, intestate, leaving as his distributees and heirs at law, his widow, Elizabeth, now the wife of Robert L. Harris, to whom she was married in 1840, and his children, Martha, now the wife of Jeptha Harris, and John Upshaw. Administration upon the estate of Middleton C. Upshaw was

Heard vs. Brawner.

granted to Thomas J. Heard, one of the defendants in the bill, and who claims one-half of the legacy to the children of Rebecca Upshaw, as belonging to his intestate, and subject to distribution among his heirs at law. The said Jeptha Harris and wife, and John Upshaw, claim the whole legacy due and coming to their father, the said Middleton, under said will, and insist that their mother, the said Elizabeth, is entitled to no part thereof, and that Heard, as administrator of the father, has no right to receive the same.

Elizabeth Upshaw, the other child of Rebecca Upshaw, was first married to Joel Hardeman, who died in 1831, by whom she had three children, Ann, now the wife of Seaborn J. Brawner, Elizabeth, now the wife of Thomas B. Clarke, and Charles Hardeman, of the State of Texas. In the year 1837 Elizabeth, then Mrs. Hardeman, intermarried with Joseph Brawner, her present husband, by whom she has two children.

Under the facts thus stated, complainant submits to the Court the question as to whom the legacy in his hands belonging *to the children of Rebecca Upshaw*, shall be paid.

After argument, the presiding Judge decided that Joseph Brawner, in right of his wife, Elizabeth, formerly Elizabeth Upshaw, and the only child of Rebecca Upshaw living at the death of the tenant for life, was entitled to the whole legacy in the hands of complainant, bequeathed to the children of Rebecca Upshaw, to the exclusion of the representatives and children of Middleton C. Upshaw, and to the exclusion of all the children of his wife, the said Elizabeth ; and he directed that a verdict and decree be taken accordingly.

To this decision counsel for defendants excepted.

T. R. R. COBB and WM. T. VAN DEZER for John Upshaw and Harris and wife.

HESTER & AKERMAN for Heard, adm'r of Middleton C. Upshaw, dec'd.

ROBERT TOOMBS, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

The only question in the case really is, whether the the children of Rebecca Upshaw, the sister of testator's wife, took a vested or contingent remainder in the legacy left to them by William S. Burch? It has been twice decided that by this Court, after solemn argument, and under those adjudications, the whole estate has been sold, and about $100,000 of it distributed according to the directions of the will; that the legacy bequeathed to the children of Rebecca Upshaw was contingent upon the event of their being alive at the marriage of Elizabeth Burch, or at her death, should the widow never marry. (19 Geo. Rep., 174; 23, *ib.* 536.)

In the first of these cases, the point was incidentally made and considered; and the judgment is sustainable on other grounds, still this Court ask, "Were the remainders vested at the death of William S. Burch?" For, if any one of the several beneficiaries took a contingent remainder, then the law, which will not allow the estate ever to be in abeyance, must keep the title in the estate of William S. Burch, until the contingency happens. We think it clear that those provisions in the will of William S. Burch, referring to the death of his wife, sisters, and also to the death of the heirs of William T. Cook, leaving no child or children, look to those contingencies as arising during the lifetime of his wife "Upon a careful review of this will, it is evident that the testator did not intend the title to his property to pass out of his estate during the lifetime of his wife, except in the event of her marriage." "His testamentary idea clearly was, that his wife should have the *usufruct* of his estate only, *the title remaining in his executors,* &c.

In the case in 23d Georgia Reports, the question under discussion was broadly made, and upon thorough argument directly decided by this Court. True, it was upon another branch of the will, the contest being between the descendants of a brother of the testator instead of the family of his wife's sister; and much ingenuity has been exhibited by the counsel for the plaintiffs in error, in attempting to discriminate between the two classes of testamentary disposition. We are unable to see any difference. And if there be a distinction, it is against the present claimants. To avoid repetition, I refer to the able exposition of the true intent and meaning of Wm. S. Burch's will, by my late highly esteemed colleague, Gov. McDonald, whose retirement from the Bench imperiously demanded by the state of his health, I feel, in common with the whole community, to be a public loss, yea, more than others, as I had a better opportunity for knowing and appreciating his worth. By that opinion, in which I concurred, it is settled, that Mrs. Brawner, being the only child of Rebecca Upshaw living at the death of Mrs. Elizabeth Burch, she was entitled to the whole of that portion of the testator's property, left contingently to the children of the said Rebecca.

It only remains, therefore, to affirm, as we do, the judgment of the Court below.

Judgment affirmed.

STEPHENS, J.. concurred.
BENNING, J., dissenting.

I think that the children of Rebecca Upshaw took *vested* remainders, viz: vested remainders subject to be divested on her dying, leaving no child or children. This opinion I have already twice expressed, the case having been, heretofore, several times before the Court. See 19 Geo., 187; 23 Geo., 567. She died leaving a child. Therefore, if I am right in my opinion, the remainders to

her children were never divested, and if the remainders were never divested, the remainder of any child went, on his death, not to the surviving children, but to his representatives. This Court thinks that the whole share to her children went to the one of them who survived the life tenant. From this I dissent. I think it went to that child, and to the representatives of her two dead children.